IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON AMECHE LEVERN WRIGHT, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:23-cv-372-L-BN |
| GREGORY WAYNE ABBOTT, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Don A. Wright, seeking leave to proceed *in forma pauperis* (IFP), filed a second *pro se* complaint against the Governor of Texas (and his wife) and multiple judges, prosecutors, and peace and probation officers resulting from a traffic stop on September 28, 2019, through which he seeks monetary damages based on a conspiracy to deprive him of his constitutional rights. *See* Dkt. No. 3.

United States District Judge Sam A. Lindsay referred Wright's current complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. 636(b) and a standing order of reference.

Wright's previous complaint concerning this series of events, containing many of the same factual allegations, was dismissed without prejudice as to any claim subject to the favorable termination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and with prejudice as to all remaining claims. *See Wright v. Abbott*, No. 3:22-cv-2262-M-BN, 2022 WL 16821689 (N.D. Tex. Oct. 13, 2022), *rec. accepted*, 2022 WL 16821659 (N.D. Tex. Nov. 8, 2022) (*Wright I*).

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit as malicious and enter an appropriate sanctions warning.

**Discussion**

A district court is required to screen a complaint filed IFP and may summarily dismiss such a complaint "at any time if the court determines that" it "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (citing, as applicable, *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988))).

And, "[r]eading *Pittman* and *Wilson[ v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989),]* in conjunction, it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *rec. accepted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003).

"Generally, res judicata must be pled as an affirmative defense" under Federal Rule of Civil Procedure 8(c)(1), but the first of "two limited exceptions" to this rule applies here, an exception that "permits '[d]ismissal by the court sua sponte on res judicata grounds ... in the interest of judicial economy where both actions were brought before the same court.'" *McIntyre v. Ben E. Keith Co.*, 754 F. App'x 262, 264- 65 (5th Cir. 2018) (per curiam) (quoting *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001)).

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000) (citations omitted); *accord Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1265 (5th Cir. 1990). Those rules bar

> "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis*, 211 F.3d at 937.

*Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) (citation modified).

The first three conditions are easily met here: as between *Wright I* and this action, the parties are the same or in privity, and this district court entered a final judgment dismissing the prior case with prejudice.

Pausing briefly on privity, the complaint here differs from the one in *Wright I*

- 3 -

in part by naming two additional "peace officers" and by adding a new "district attorney." Dkt. No. 3 at 2. But the Fifth Circuit has "recognized privity between 'officers of the same government'" where "the plaintiff sought to relitigate the same agency action against different officers of the same agency" or "sued employees of the same government entity … over a singular government action, not the individual actions of each employee." *Clyce v. Farley*, 836 F. App'x 262, 270 (5th Cir. 2020) (citations omitted). Said another way, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of [that government] is res judicata in relitigation *of the same issue* between that party and another officer of the government." *Id.* (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940); emphasis by *Clyce*). This government-officer privity applies here where Wright's current conclusory allegations are not specific to actions taken by a particular defendant but are instead focused on relitigating the broader issues he raised in *Wright I*.

Taking up the fourth condition, courts in this circuit use "a 'transactional test,'" under which "[t]he critical issue is whether the two suits are based on the 'same nucleus of operative facts.'" *Chalmers*, 2014 WL 7174289, at *6 (quoting *Test Masters*, 428 F.3d at 571); *see Test Masters*, 428 F.3d at 571 ("Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." (citation omitted)); *see also Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 522 (5th Cir. 2016) ("True res judicata bars recovery

when a party seeks to relitigate the same facts even when the party argues a novel legal theory." (citing *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994))); *Alexander v. Hood for State of Miss.*, No. 3:16-cv-00202-GHD-JMV, 2017 WL 3585470, at *3 (N.D. Miss. Aug. 16, 2017) ("[T]he transactional test is [ ] met ... [if] the claims could or should have been brought in the first action. From Plaintiff's factual allegations in all three cases, it is clear that Plaintiff had notice of the facts giving rise to these claims at the time of the first case and that the Section 1983 claims could have been ruled on by that Court.").

The claims here emanate from the same nucleus of operative facts as *Wright I*. The Court should therefore dismiss the current complaint as malicious under Section 1915(e)(2)(B)(i).

Turning to sanctions, "the judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995). But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means p]ro se litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). And, for the reasons set out above, the Court should warn Wright that, if he continues to pursue frivolous or malicious lawsuits, this Court will bar him from proceeding either *in forma pauperis* or *pro se* in any action filed in this Court or

removed or transferred to this Court without first obtaining leave of the Court in writing.

## Recommendation

The Court should dismiss this lawsuit as malicious and issue an appropriate sanctions warning.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 27, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE