IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DON AMECHE LEVERN WRIGHT,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-372-L-BN** |
| § | |
| **GREGORY WAYNE ABBOTT, et al.**, § | |
| § | |
| Defendants. § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 5) was entered on February 27, 2023, recommending that the Complaint (Doc. 3) filed by pro se Plaintiff Don Ameche Levern Wright ("Plaintiff") be dismissed with prejudice. In the Complaint, Plaintiff sued the Governor of Texas and his wife, along with multiple judges, prosecutors, and probation officers for claims arising from a traffic stop on September 28, 2019. Plaintiff alleges that the traffic stop deprived him of his constitutional rights and seeks monetary damages. Doc. 5 at 1

Plaintiff, however, brought these same factual allegations in a prior federal complaint, which was dismissed without prejudice as to any claim subject to the favorable termination rule established by *Heck v. Humphrey*, 512 U.S. 477 (1994), and with prejudice as to all remaining claims. *See Wright v. Abbott*, No. 3:22-cv-2262-M-BN, 2022 WL 16821689 (N.D. Tex. Oct. 13, 2022), *R&R accepted*, 2022 WL 16821659 (N.D. Tex. Nov. 8, 2022). Because these claims repeat many of the same facts, and the newly named Defendants are in privity with those named in the first lawsuit, the Report recommended dismissal because the claims are duplicative of Plaintiff's claims previously dismissed with prejudice, and, thus, are barred by *res judicata*. *Id*. at 2.

**Order – Page 1**

In response to the Report, Plaintiff first filed a "Notice of Estoppel and Stipulation of Constitutional Challenge to All Texas Statutes" (Doc. 6) on March 14, 2023, and then a "Common Law Vehicular Judicial Notice" (Doc. 7) on March 15, 2023. In both filings, Plaintiff asserts generally that he is not subject to the transportation laws of Texas and that he can "freely travel upon his ancestral estate (Turtle Island Northwest Amexicam [sic] North America) unmolested by public officers." Doc. 7 at 1. Plaintiff does not make a specific objection to the Report and offers no new facts.

Having considered the Complaint, Report, file, and record, and Plaintiff's filings, the court determines that the magistrate judge's finding and conclusions in the Report are correct, and **accepts** them as those of the court. Plaintiff fails to point to controlling law or offer new facts showing that the Report's recommendation is incorrect, and instead asserts legally frivolous arguments. Accordingly, the court **dismisses with prejudice** Plaintiff's claims and this action against Gregory Wayne Abbott, Cecilia Phalen Abbot, Farrel Chapman, Henry Campbell, Amy Lockhart, Jeremy Adye, L. Benson, E. Ramires, and K. Kordova as malicious and barred by *res judicata*. As this action is dismissed with prejudice, the court **denies as moot** Plaintiff's two motions seeking leave to proceed *in forma pauperis*. Docs. 8, 9.

Next, the Report recommends the court consider appropriate sanctions because Plaintiff filed repetitive claims and, thus, the complaint is malicious pursuant to 18 U.S.C. § 1915(e)(2)(B)(i). After review of the Report, filings, and docket in this case, the court agrees. For this reason, **the court warns Plaintiff that if he files further frivolous lawsuits, the court will bar him from proceeding *in forma pauperis* or pro se in any action filed, removed, or transferred to this court without first obtaining leave of a judicial officer in writing**. As this action is dismissed with prejudice, **the court will not permit him to file further documents.**

**Order – Page 2**

Accordingly, the clerk of court is **directed not to file** any further filings from Plaintiff in this action except for those seeking an appeal of the court's orders to the Fifth Circuit.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the magistrate judge's Report, the court concludes that any appeal of this action would present no legal point of arguable merit and would therefore be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 31st day of March, 2023.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge